# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sherwin K. Parikh MD, P.C. d/b/a Tribeca Skin Center; and Dillon Music, on behalf of themselves and all others similarly situated, <br><br>                 Plaintiffs, <br><br> v. <br><br> Accessibe, Inc.; John Does 1-5, <br><br>                 Defendant. | DOCKET NO. 24-cv-4848 (PKC)(GS) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL FOR DEFENDANTS

Plaintiffs Sherwin K. Parikh MD, P.C. d/b/a Tribeca Skin Center and Dillon Music, on behalf of themselves and all other similarly situated (collectively, "Plaintiffs"), move the Court for an Order disqualifying attorneys at the law firm of Blank Rome, LLP from continuing to represent Defendant, Accessibe, Inc. in this litigation. Details that have recently come to light show that Rule 1.18 of the New York Rule of Professional Conduct prohibits Blank Rome's continued involvement in this litigation.

Rule 1.18 enumerates the duties lawyers owe to prospective clients even when no lawyer-client relationship ensues. The Rule states that, unless the prospective client has given informed consent, confirmed in writing, a lawyer:

> shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter ….

NY Rules of Professional Conduct 1.18 (c).

Unless an effective ethical wall was timely put in place (as detailed in Rule 1.18(d)), if a lawyer is disqualified from representation "no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter." *Id*. Moreover, a lawyer who has learned information from a prospective client about a matter is restricted from using or revealing information learned in the consultation to the same extent that a lawyer would be restricted with respect to information of a former client. *Id.* 1.18 (b).

The New York Bar Association clarified the application of this prohibition in a 2013 formal opinion. *See* Formal Opinion 2013-01: Duties to Clients After Beauty Contests and Other Preliminary Meetings, available at [https://www.nycbar.org/reports/formal-opinion-2013-01-duties-to-prospective-clients-after-beauty-contests-and-other-preliminary-meetings/#:~:text=Under%20the%20Rule%2C%20a%20lawyer,in%20the%20same%20or%20a](https://www.nycbar.org/reports/formal-opinion-2013-01-duties-to-prospective-clients-after-beauty-contests-and-other-preliminary-meetings/#:~:text=Under%20the%20Rule%2C%20a%20lawyer,in%20the%20same%20or%20a) The opinion and its illustrative scenarios makes clear that where a prospective client discloses confidential information regarding underlying facts pertinent to a lawsuit to an attorney, that attorney and firm are subject to the restrictions of Rule 1.18 (c). See, *Id*. at IV, B.

The prohibitions in Rule 1.18 apply here. On December 13, 2024, Plaintiff Dillon Music's individual attorney, Tracy Armstrong, provided a declaration detailing discussions she had on behalf of Dillon Music with Accessibe and with attorney Martin Krezalek from the Blank Rome law firm before Dillon Music was a plaintiff in this action. See Declaration of Tracy Armstrong ("Armstrong Decl."). Ms. Armstrong states that in early September 2024, she spoke with two Accessibe executives in an effort to secure the legal support Dillon Music was expecting from Accessibe after being served with lawsuit alleging that Dillon Music's website, with Accessibe's product installed, violated the ADA. Armstrong Decl. at ¶4. Accessibe's

representatives referred her to Martin Krezalek of the Blank Rome law firm, noting that Mr. Krezalek had represented many Accessibe users in connection with ADA claims. *Id.*

Ms. Armstrong spoke with Mr. Krezalek on September 12, 2024 and conveyed that the purpose of her call was to secure legal support on behalf of Dillon Music. *Id*. ¶ 5. She and Mr. Krezalek discussed "Dillon Music's purchase and use of the Accessibe product, its reasons for purchasing the product, the purpose and efficacy of the Accessibe product, and the facts at issue in the litigation naming Dillon Music as a defendant." *Id*. Ms. Armstrong conveyed her client's understanding of what it had purchased and what was included, Dillon Music's reaction to the lawsuit, and its expectations that Accessibe would provide a substantive defense. *Id.* Mr. Krezalek then suggested that Dillon Music retain him to defend the lawsuit at his normal hourly rate because he had handled many similar cases successfully. *Id.* ¶6. At the end of the conversation Mr. Krezalek mentioned that he represented Accessibe, but did not say in what capacity. *Id.* ¶7. He apparently did not disclose that he represented Accessibe against claims against it in this action. *Id*. ¶10. Ms. Armstrong became concerned that there was an inherent conflict with Mr. Krezalek's offer to represent Dillon Music, because Dillon Music's defense was possibly adverse to Accessibe. *Id.* ¶8.[1]

The interaction between Ms. Armstrong and Mr. Krezalek prohibits Mr. Krezalek and Blank Rome from continuing to represent Accessibe in this matter. Dillon Music, through its attorney, contacted Mr. Krezalek for the purpose of securing legal support and the two discussed facts that are specific to Dillon Music and relevant to this litigation—including Dillon Music's

---

[1] According to her online biography, Ms. Armstrong currently serves on the District Ethics Committee for District VIII of New Jersey. See, https://www.wilentz.com/attorneys/tracy-armstrong

subjective thoughts, expectations, and understanding regarding Accessibe's product and Accessibe's obligations. This alone made Dillon Music a prospective client. Mr. Krezalek's suggestion that Dillon Music retain him at his normal hourly rate, leaves no doubt that Dillon Music was prospective client of Blank Rome. Dillon Music has not given consent, written or otherwise, to Blank Rome's continuing representation and there is no indication that Blank Rome implemented any screening procedures proscribed by Rule 1.18(d). Under New York Rule of Professional Conduct 1.18, Blank Rome's ongoing representation of Accessibe is impermissible.

Of course, the extent of Mr. Krezalek's representation of other individuals with potential third-party claims against Accessibe, whether they were advised of his dual representation, whether such dual representations are continuing, and whether Mr. Krezalek and Blank Rome are continuing to solicit other absent putative class members as new clients will be a matter for discovery. This may implicate the New York Rule of Professional Conduct 3.7 prohibition against an attorney acting as an advocate in a matter in which they are a witness.

Plaintiffs' attorneys do not bring this motion lightly and have sought to avoid it. Plaintiffs' counsel advised Blank Rome of this conflict after learning of the details of the conversation between Ms. Armstrong and Mr. Krezalek. They offered Blank Rome the opportunity to voluntarily withdraw from this matter and committed to working with Blank Rome and with any substitute counsel to minimize any prejudice. See Declaration of Ari Brown. Plaintiffs' counsel did not receive a substantive response. *Id*. Plaintiffs are now obligated to bring this motion before the Court as part of their duty to their client, to prospective class members, and under Rule of Professional Conduct 8.3.

This Motion is based on the declarations of Tracy Armstrong and Ari Brown, and the pleadings and files in this case.

DATED this 24th day of January 2025.

| | |
|---|---|
| URIST LAW OFFICES, PLLC<br>By: /s/ Joshua Urist<br>Joshua Urist<br>jurist@uristlaw.com<br>1441 Broadway, Suite 6147<br>New York, New York 10018<br>Telephone: (347) 827-1529 | STEIN & NIEPORENT LLP<br>By: /s/ David Stein<br>David Stein<br>David Nieporent<br>dstein@steinllp.com<br>dnieporent@steinllp.com<br>1441 Broadway, Suite 6090<br>New York, New York 10018<br>Telephone: (212) 308-3444 |
| LAW OFFICES OF ARI BROWN, PLLC<br>By: /s/ Ari Brown<br>Ari Brown (*Pro Hac Vice*)<br>abrownesq@gmail.com<br>3909 47th Ave. S<br>Seattle, WA 98118<br>Telephone: (206) 412-9320 | HEENAN & COOK<br>By: /s/ John Heenan<br>John Heenan, (*Pro Hac Vice* forthcoming)<br>john@lawmontana.com<br>1631 Zimmerman Trail<br>Billings, MT 59102<br>Telephone: (406) 839-9081 |

*Attorneys for Plaintiffs*