UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHERWIN K.  PARIKH, MD, P.C. d/b/a
TRIBECA SKIN CENTER, and DILLON
MUSIC, individually and on behalf of all others
similarly situated,

                         Plaintiffs,

              -against-

ACCESSIBE, INC. and JOHN DOES 1-5,

                       Defendants.

-------------------------------------------------------------x

                                     24-cv-4848 (PKC)

                               OPINION AND ORDER

CASTEL, U.S.D.J.:

          Plaintiffs Sherwin K. Parikh, MD, P.C., d/b/a Tribeca Skin Center, and Dillon

Music seek leave to file a Second Amended Complaint ("SAC"), which contains an additional

plaintiff and new factual allegations.  Defendants Accessibe, Inc. and John Does 1-5

(collectively, "Accessibe") previously moved to dismiss Parikh's and Dillon Music's First

Amended Complaint ("FAC") and now oppose the motion to amend.  The Court has stayed

briefing on the pending motion to dismiss.  Accessibe's opposition to the motion to amend rests

entirely on futility grounds that duplicate the arguments in its opening memorandum of law in

support of its motion to dismiss.  For the reasons explained, Parikh's and Dillon Music's motion

to amend will be granted and Accessibe's motion to dismiss will be denied as moot.

Procedural History

          Parikh filed the initial complaint in this action against Accessibe on June 26,

2024.  (ECF 1.)  The general premise of Parikh's allegations was that Accessibe, which markets

a software product on a subscription basis as an effective, quick, and cost-effective means to

guarantee that a website is in full compliance with the Americans with Disabilities Act, 42 U.S.C

12101 et seq., did not provide the services that it had promised.  (See id.)  Parikh brought five

causes of action against Accessibe: 1) breach of contract and breach of the covenant of good

faith and fair dealing, 2) violation of New York State General Business Law § 349, et seq., 3)

breach of implied warranty, 4) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301,

et seq., and 5) negligent misrepresentation.  (Id.)  Parikh and Dillon Music filed the FAC on

October 16, 2024, which added a sixth cause of action for breach of implied contract.  (ECF 22.)

Accessibe subsequently filed a pre-motion letter expressing its intention to move

to dismiss the FAC under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  (ECF 23.)  Parikh and

Dillon Music responded that they did not seek leave to file another amended complaint prior to

Accessibe filing its contemplated motion.  (ECF 24.)  The Court entered a scheduling order

requiring that Accessibe file its motion to dismiss by December 5, 2024, limiting the time for

Parikh and Dillon Music to move to amend the FAC to December 20, 2024, under Rule

16(b)(3)(A), Fed. R. Civ. P., and staying discovery.  (ECF 25.)  The parties then jointly sought

an extension of time for Accessibe to file its motion to dismiss to December 20 and for Parikh

and Dillon Music to file any motion to amend to January 9, which the Court granted.  (ECF 28,

29.)

Accessibe filed its motion to dismiss the FAC on December 20.  (ECF 30.)  In its

opening memorandum of law, Accessibe contends, among other things, that the Court lacks

subject matter jurisdiction to hear the Magnuson-Moss Warranty Act claim, Parikh lacks Article

III standing to pursue injunctive relief, and Parikh's and Dillon Music's remaining claims fail as

a matter of law or are insufficiently plead, including that Accessibe's Terms of Service on its

website foreclose certain claims and Parikh and Dillon Music failed to timely notice their claim

for breach of implied warranty. (see ECF 31.) Parikh and Dillon Music filed their motion for leave to file a SAC under Rule 15, Fed. R. Civ. P, on January 9. (ECF 33.) The SAC adds Safe Life Defense, LLC ("Safe Life") as a new plaintiff and alleges additional facts regarding a complaint by the Federal Trade Commission against Accessibe and proposed order made public on January 3, 2025, Parikh's, Dillon Music's, and Safe Life's efforts to provide pre-suit notice to Accessibe, their interactions with Accessibe, and Accessibe's marketing practices. (see ECF 34-1, 34-2.) The SAC does not contain any new causes of action.

In light of Parikh's and Dillon Music's motion to amend, on January 22 the Court stayed briefing on Accessibe's motion to dismiss. (ECF 36.) Parikh and Dillon Music have not yet filed a memorandum of law in opposition to Accessibe's motion. The motion to amend is fully briefed. (ECF 34, 42, 43, 46.) Accessibe opposes Parikh's and Dillon Music's motion solely on the ground that their proposed amendments are futile and would not overcome the legal deficiencies identified in its motion to dismiss. (see ECF 42.) Accessibe advances the same substantive arguments raised in support of its motion to dismiss. (see id.)

Legal Standard

"Under Rule 15(a), where a party cannot amend as a matter of course, '[a] party may amend its pleading only with the opposing party's written consent or the court's leave,' however, '[t]he court should freely give leave when justice so requires.'" Dominguez v. Walsh, 22-cv-6443 (KMK), 2023 WL 6199861, at *1 (S.D.N.Y. Sept. 22, 2023) (quoting Falls v. Pitt, 16-cv-8863 (KMK), 2020 WL 2097626, at *2 (S.D.N.Y. May 1, 2020)). "Amendments are generally favored because they 'tend to facilitate a proper decision on the merits.'" Environment Solutions Associates Group, LLC v. Conopoco, Inc., 20-cv-10699 (MKV), 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (quoting Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 79

(E.D.N.Y. 2011)).  "Leave to amend should be freely given absent 'undue delay, bad faith, or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"  Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

"While motions for leave to amend are generally governed by Rule 15, motions for leave to amend to add parties are governed by [Rule 21, Fed. R. Civ. P.]."  New Oriental Enterprise, PTE, Ltd. v. Mission Critical Solutions LLC, 20-cv-2327 (MKV), 2021 WL 930616, at *1 (S.D.N.Y. Mar. 11, 2021).  Under Rule 21, a "court may at any time, on just terms, add or drop a party."  "When addressing a motion for leave to amend to add parties, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'"  New Oriental Enterprise, 2021 WL 930616, at *1 (quoting Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008)).

Analysis

Accessibe does not identify any undue delay or bad faith on the part of Parikh and Dillon Music, nor does it contend that it would be unduly prejudiced if their motion for leave to amend were granted.  The Court also concludes that undue delay, bad faith, and undue prejudice are not present here.

Accessibe has not attempted to meet its burden of showing that it would be unduly prejudiced were Parikh and Dillon Music permitted to file the SAC.  Dominguez, 2023 WL 6199861, at *2.  "Undue prejudice speaks to 'whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed.'"  Id. at *1 (quoting Kirkland-Hudson v. Mount Vernon City School District, 21-cv-695 (KMK), 2022 WL 1555606, at *2 (S.D.N.Y. May 16, 2022)).  In this case, "[t]here is

'no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established." Conopoco, 2021 WL 2075586, at *2 (quoting Joint Stock Co. v. Infomir LLC, 16-cv-1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017)).

To go along with this, the Court finds no evidence of bad faith.  An inference of bad faith requires "something more than mere delay or inadvertence . . . ." Dominguez, 2023 WL 6199861, at *3 (quoting Primetime 24 Joint Venture v. DirecTV, Inc., 99-cv-3307 (RMB) (MHD), 2000 WL 426396, at *5 (S.D.N.Y. Apr. 20, 2000)).  The Court sees no strategic delay or gamesmanship in Parikh's and Dillon Music's requested amendments.  To the contrary, the Federal Trade Commission's complaint against Accessibe and the proposed order were only made public on January 3, 2025, and therefore could not have been alleged in the FAC filed on October 16, 2024.  The SAC's new allegations regarding Parikh's, Dillon Music's, and Safe Life's efforts to provide pre-suit notice to Accessibe also address one of Accessibe's contentions in its motion to dismiss.  See Boyer Works USA, LLC v. Rubik's Brand Limited, 21-cv-7468 (AKH), 2022 WL 355398, at *3 (S.D.N.Y. Feb. 7, 2022) (finding no bad motive where proposed amendments aimed to cure deficiencies identified in motion to dismiss).

Concerning delay, "in the Second Circuit, '[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" Dominguez, 2023 WL 6199861, at *2 (quoting State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).  Even assuming that Parikh and Dillon Music have exhibited some delay in bringing their current motion and proposed amendments, that delay of approximately six-and-a-half months since Parikh filed the initial complaint and about three months since the filing of the FAC is not unduly long.  See id. (concluding that plaintiff's delay

of approximately six months in requesting to amend after filing complaint was not unduly long).

Moreover, the Court finds no undue delay because Parikh's and Dillon Music's motion was filed

in response to Accessibe's motion to dismiss by the Court-ordered deadline of January 9, 2025.

See Conopoco, 2021 WL 2075586, at *2 (finding no undue delay where plaintiff's request for

leave followed defendant's motion to dismiss).

As the Court previously noted, Accessibe's opposition to Parikh's and Dillon

Music's motion to amend rests entirely on futility grounds that duplicate Accessibe's substantive

arguments in support of its pending motion to dismiss.  It is well-established that "[t]o determine

whether a proposed pleading is futile, courts analyze whether it would withstand a motion to

dismiss." Dominguez, 2023 WL 6199861, at *3 (quoting Agerbrink v. Model Service LLC, 155

F. Supp. 3d 448, 456 (S.D.N.Y. 2016)).  But, as courts in this Circuit have made clear, "[t]he

futility defense to a motion to amend is not . . . a substitute for a motion to dismiss or a motion

for summary judgment."  Id. at *4.  Indeed, "[i]n the interests of judicial economy and in the

absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where

the Court finds that these arguments are better suited for consideration in the context of a motion

to dismiss." Conopoco, 2021 WL 2075586, at *2 (quoting Chubb INA Holdings Inc. v. Chang,

16-2354 (BRM) (DEA), 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016)).  The Court declines

to consider whether Parikh's and Dillon Music's proposed amendments would be futile.

Having already found that no undue prejudice would result from the proposed

amendments, the Court is mindful of judicial economy.  In furtherance of that interest, the

Second Circuit has adopted the rule "that when a plaintiff properly amends her complaint after a

defendant has filed a motion to dismiss that is still pending, the district court has the option of

either denying the pending motion as moot or evaluating the motion in light of the facts alleged

6

in the amended complaint." Pettaway v. National Recovery Solutions, LLC, 955 F.3d 299, 303-04 (2d Cir. 2020). Where, as here, "the proposed amendment requires leave of court, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" Conopoco, 2021 WL 2075586, at *1 (quoting Rheaume v. Pallito, 15-cv-135 (WKS) (JMC), 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015)). The Court's analysis of the merits of Accessibe's motion to dismiss is not suited for resolution on the present motion to amend. The Court has stayed briefing on Accessibe's pending motion in light of the motion to amend. In turn, Parikh and Dillon Music have not had the opportunity to oppose Accessibe's arguments in the context of a motion to dismiss, nor has Accessibe had the opportunity to further advance its arguments in a reply. It is in the interest of judicial economy for Parikh and Dillon Music to amend now rather than after a ruling on Accessibe's motion to dismiss.

Accessibe's motion to dismiss has placed Parikh and Dillon Music on notice of the alleged deficiencies in the FAC. Parikh and Dillon Music are warned that the Court will be reluctant to grant further leave to amend if Accessibe successfully moves to dismiss the SAC. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

National Credit Union Administration Board v. U.S. Bank National Association, 898 F.3d 243, 257-58 (2d Cir. 2018) (internal quotation marks, brackets, and citations omitted).

CONCLUSION

For these reasons, Parikh's and Dillon Music's motion to amend is GRANTED, and Accessibe's motion to dismiss is DENIED as moot. Parikh and Dillon Music shall file their

SAC within 14 days of the date of this Opinion and Order.  Any renewed motion to dismiss is due within 21 days of the SAC's filing and need not be preceded by a pre-motion letter.  Any opposition is due within 21 days of the filing of the motion to dismiss and any reply is due 14 days thereafter.  The stay is lifted except that discovery is stayed pending a ruling on the anticipated motion to dismiss.

   The Clerk of Court is respectfully directed to terminate the pending motions at ECF 30 and ECF 33.


   SO ORDERED.


P. Kevin Castel
United States District Judge


Date: New York, New York
   June 9, 2025